**WILLERY TRADING CORPORATION, Plaintiff,**

v.

**LURIA BROTHERS & COMPANY, Inc., Defendant.**

United States District Court, S. D. New York.

March 23, 1955.

Carlton A. Walls, New York City, for plaintiff.

Edgar J. Nathan, 3rd, and Gale & Falk, New York City, for defendants.

KNOX, Chief Judge.

Plaintiff's complaint herein was served upon defendant on August 30, 1954. Defendant's answer which contained denials, together with a counterclaim, was not served or filed within twenty days thereafter.

However, on September 20, 1954, the attorneys for the respective parties stipulated in writing that the time of the defendant to answer the complaint would be extended to October 8, 1954. Upon that date the answer and counterclaim were served upon plaintiff's attorney. The pleading was filed in the office of the Clerk on October 15, 1954.

Plaintiff's reply was not served or filed at the time it was due. Nevertheless, defendant's attorneys admitted service of the reply as of October 28, 1954. There was, at that time, no written stipulation as to the then status of the parties with respect to the right of plaintiff to demand a jury trial.

From an affidavit filed by plaintiff's attorney, it appears that, upon December 30, 1954, he made such demand.

Three days prior thereto, plaintiff filed a note of issue with the Clerk of the Court in which he stated, among other things: "Jury was demanded both in the complaint and the answer." This, as later appeared, was not the fact.

On December 28, 1954, one of the defendant's attorneys notified the Clerk as follows:

"In this morning's mail we received a Note of Issue from the plaintiff's attorney * * * in which there appears the statement that Jury Trial was demanded in both the complaint and answer. Neither the Complaint nor the Answer contained a demand for jury trial and this matter should not be placed on the Jury Calendar.

"We have returned the Plaintiff's Note of Issue for the reason above stated."

The Calendar Commissioner thereupon transferred the case from No. 2 Non-Jury Calendar to the No. 4 Jury Calendar.

Following this action, and on December 30, 1954, plaintiff's attorney filed a notice of motion, returnable on January 3, 1955, in which he asked to be relieved from the consequences of any delay that occurred in connection with his failure to demand a jury trial. On January 26, 1955, I denied such application. I was then requested, and agreed, to hear reargument upon the matter.

From a strictly technical standpoint, I should, perhaps, adhere to my original decision. But, the attorney for the plaintiff urges that his lack of timeliness was due to excusable neglect, and that he should not therefor be penalized. He swears that he was under the firm conviction that he had demanded a jury trial when he served his client's complaint, and that he labored under such impression until the occurrence in December, 1954.

As has been seen, plaintiff was in default in filing a reply to the counterclaim set up in defendant's answer, and receipt of such reply, when served, was acknowledged as of October 28, 1954. This, I think, should have put defendant's attorney on notice that he was probably waiving the right to demand a trial by jury.

As a matter of fact, the reply was *actually* served on December 21, and the rejected demand for a jury trial was served on December 30, 1954, or within ten days after the service of such reply.

In this connection, it is to be remembered that when defendant was in default in the timely service of its answer, plaintiff's attorney sought to take no advantage therefrom. Furthermore, it is quite possible that if plaintiff's attorney realized the full significance that the receipt of the reply was as of October 28, 1954, he might have applied to the Court to open his default, and to do so without penalty.

Upon this assumption that this might have happened, I am disposed to exercise my discretion and hold that the plaintiff should have the jury trial that it seeks. It will be so ordered.

Nevertheless, plaintiff and his attorney should fully understand that by this disposition, a trial, in all probability, cannot be had within the next three years. If the case should be tried in a non-jury part of the Court, it can be reached within a much shorter period of time.